IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE BRANDON, | ) |
| | ) Case No. 3:22-cv-85 |
| Plaintiff, | ) |
| | ) JUDGE KIM R. GIBSON |
| v. | ) |
| | ) |
| CAMBRIA COUNTY TRANSIT | ) |
| AUTHORITY and DOUGLAS W. | ) |
| FYOCK | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is defendants Cambria County Transit Authority ("CamTran") and Douglas W. Fyock's ("Mr. Fyock") (collectively, "Defendants") joint motion to dismiss for failure to state a claim. (ECF No. 12) (citing FED. R. CIV. P. 12(b)(6)). For the following reasons, the Court **GRANTS** this motion.

On May 27, 2022, plaintiff Lawrence Brandon ("Mr. Brandon") filed a complaint seeking punitive damages from Defendants under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment "Right to Travel." (ECF No. 4 at 3).[1] Specifically, he alleges that he "[w]asn't allowed to ride the bus once a day. The Driver would ride by at bus stop and some would stop the bus and state that they have orders not to ride me." (*Id.* at 4). Mr. Brandon also asserts a negligence claim under Section 1983 against Mr. Fyock, a CamTran bus driver, for "slam[ming] Plaintiff in the rear doors of the bus causing hip and shoulder injuries[.]" (*Id.* at 4–5).

---

[1] The word "travel" is not found in the text of the United States Constitution, but the "constitutional right to travel from one State to another" is firmly embedded in American jurisprudence. *Saenz v. Roe*, 526 U.S. 489, 497 (1999). The Third Circuit has recognized this constitutional right as covering both interstate and intrastate travel. *Lutz v. York*, 899 F.2d 255, 255, 259–60 (3d. Cir. 1990).

On January 11, 2023, Defendants moved to dismiss this complaint. (ECF No. 12). As of this order's entry, Mr. Brandon has not filed a response. A party has twenty-one days to respond by right, *see* LCvR 2254(E)(2), and a failure to respond typically implies that the motion is unopposed. *See Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005). However, absent evidence that a pro se plaintiff's "failure to oppose a motion can truly be understood to reflect that the motion is unopposed[,]" the Court has "a preference for an assessment of the complaint and its merits." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011). Mr. Brandon is a pro se litigant and the record does not suggest that his lack of response reflects agreement with the motion to dismiss.

Reviewing the complaint on its merits, the Court finds it proper to dismiss Mr. Brandon's Fourteenth Amendment claim. The form of travel at issue is clearly intrastate, as Mr. Brandon complains only of being prevented from riding CamTran busses "in the Johnstown area[.]" (ECF No. 4 at 4). Intrastate travel has generally "been held to be co-extensive with the right to interstate travel," *Harold v. Richards*, 334 F. Supp. 3d 635, 645 (E.D. Pa. 2018) (citing *McCool v. City of Phila.*, 494 F. Supp. 2d 307, 312–13 (E.D. Pa. 2007)), and "[b]urdens on a single mode of transportation do not implicate the right to interstate travel." *Owner Operator Indep. Drivers Ass'n v. Pa. Tpk. Comm'n*, 934 F.3d 283, 295 (3d. Cir. 2019). Because Mr. Brandon's exclusion from riding CamTran deprives him of only a single mode of intrastate travel, this exclusion does not violate the Fourteenth Amendment.[2]

---

[2] Mr. Brandon's claim would fail even if his exclusion from riding CamTran busses were unconstitutional because Mr. Brandon only seeks punitive damages, which is not a form of relief available under Section 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

The Court also finds it proper to dismiss Mr. Brandon's negligence claim, which is not cognizable because Mr. Brandon has brought it under Section 1983 and "negligence claims are not encompassed within § 1983." *Davidson v. O'Lone*, 752 F.2d 817, 826 (3d Cir. 1984).[3]

**ACCORDINGLY**, this 11th day of May, 2023, upon consideration of Defendants' Motion to Dismiss, (ECF No. 12), it is **HEREBY ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that Mr. Brandon's complaint, (ECF No. 3), is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is instructed to close this matter.

BY THE COURT:

**KIM R. GIBSON
UNITED STATES DISTRICT JUDGE**

---

[3] Because the complaint clearly indicates that Mr. Brandon has brought his negligence claim under Section 1983, the Court will not construe the complaint as asserting a negligence claim under Pennsylvania state law. (ECF No. 4 at 4). However, even if the Court were to construe the complaint as asserting such a claim, it would nonetheless dismiss that claim. Its jurisdiction over a Pennsylvania negligence would be supplemental, based solely on the federal question raised by the now-dismissed Fourteenth Amendment claim. The Court can relinquish jurisdiction over the state claim after dismissing the underlying federal claim if it deems it proper to do so based on "considerations of judicial economy, convenience, and fairness to the parties[.]" *Volek v. Redev. Auth. of Cty. of Fayette*, 24 F. Supp. 3d 473, 492 (W.D. Pa. 2014). Because so little has been done in this case thus far, the Court would have found dismissal of this claim proper.